999 F.2d 547
 63 Fair Empl.Prac.Cas. (BNA) 352
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Deborah S. MARSHALL, Plaintiff-Appellant,
v.
NELSON ELECTRIC, a Unit of General Signal; Luther Noah, and
Does I-X, inclusive, Defendants-Appellees.
Deborah S. MARSHALL, Plaintiff-Appellee,
v.
NELSON ELECTRIC, a Unit of General Signal, Defendant-Appellant,
and
Luther Noah and Does I-X, inclusive, Defendants.
 Nos. 91-5114, 91-5123.
 United States Court of Appeals, Tenth Circuit.
 June 29, 1993.
 
 Before SEYMOUR and TACHA, Circuit Judges, and ROGERS,* Senior District Judge.
 ORDER AND JUDGMENT**
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Deborah Marshall appeals from a judgment entered in favor of defendants in this hostile environment Title VII action. Following a two-week trial, the jury found in favor of plaintiff on her state law claim for intentional infliction of emotional distress. The court took under advisement a statute of limitations question regarding that claim, as well as the Title VII matter. The court ultimately issued an order granting defendants' motion for judgment notwithstanding the verdict on the state claim and ruling in favor of defendant Nelson Electric Company on the Title VII question. See Marshall v. Nelson Elec., a Unit of Gen. Signal, 766 F.Supp. 1018 (N.D.Okla.1991). This appeal followed. Defendant Nelson Electric filed a cross-appeal. We affirm.
 
 
 3
 Plaintiff makes four arguments in this appeal. They are 1) that the district court erred in concluding, as a matter of law, that her emotional distress claim is barred under the applicable statute of limitations,[1] 2) that the district court's factual findings are clearly erroneous, 3) that the trial court erred in conditionally granting defendants' motion for new trial, and 4) that the court's ruling on the Title VII claim was in error.
 
 
 4
 We have carefully reviewed the appendices which the parties have submitted. We have also conducted an exhaustive review of the pertinent authorities. We conclude that the district court's disposition was correct, and we therefore affirm for substantially the reasons set forth in that court's lengthy and well-reasoned opinion. In light of this disposition, we need not reach the issues raised in the cross-appeal.
 
 
 5
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Richard D. Rogers, United States District Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 In connection with this issue, plaintiff contends the trial court erred in granting j.n.o.v. on the statute of limitations claim after the court previously denied defendants' motion for summary judgment on this issue. We have specifically held, however, that the denial of summary judgment does not rule out the possibility of a directed verdict. See Catts Co. v. Gulf Ins. Co., 723 F.2d 1494, 1502 (10th Cir.1983)